UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

PHILIP JOHN STUTO, et al.,
    Plaintiffs,
    v.
GE HEALTHCARE, INC., et al.,
    Defendants.

Case No. 19-cv-02093-PJH

**ORDER GRANTING MOTION TO REMAND AND VACATING HEARING**

Dkt. No. 32

Before the court is plaintiffs Philip John Stuto and Kathleen Ingrid Stuto's motion to remand. The matter is fully briefed and suitable for decision without oral argument. Accordingly, the hearing set for June 12, 2019 is VACATED. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court hereby GRANTS plaintiffs' motion, for the following reasons.

**BACKGROUND**

On January 14, 2019, plaintiffs filed a complaint against defendants GE Healthcare, Inc. ("GE Healthcare"), General Electric Company ("GE") (together "GEHC"), and McKesson Corporation ("McKesson") in San Francisco County Superior Court. Compl., Dkt. 1, Ex. 1. The complaint alleges six causes of action under California law: (1) strict products liability; (2) general negligence; (3) fraud by misrepresentation; (4) fraud by concealment; (5) negligent misrepresentation; and (6) loss of consortium. Compl. ¶¶ 25–64.

The parties agree that at the time of the filing of the complaint, plaintiffs were

1    citizens of California; defendant GE Healthcare was a citizen of both Delaware and
2    Massachusetts; defendant GE was a citizen of both New York and Massachusetts; and
3    defendant McKesson was a citizen of California. See Compl. ¶¶ 1–7; Dkt. 25 at 9 ("case
4    became removable . . . when McKesson changed its headquarters on April 1, 2019" and
5    "change in diversity occurred"); Dkt. 28 at 1 ("Prior to April 1, 2019, McKesson's principal
6    place of business was located in California."). The parties also agree that McKesson
7    became a citizen of Texas on April 1, 2019. See Dkt. 1 at 3; Dkt. 18-1 at 9; Dkt. 28 at 1.[1]

On April 17, 2019, GEHC noticed the removal of this case to this court. Dkt. 1. GEHC's removal notice explained that "[b]ecause complete diversity exists between the plaintiffs and the defendants . . . and the amount in controversy exceeds the jurisdictional amount set by 28 U.S.C. § 1332, the prerequisites for removal under 28 U.S.C. § 1441 have been met, and this Court is vested with subject matter jurisdiction over this action." Id. ¶ 28. Plaintiffs now move to remand the case back to state court. Dkt. 18.

## DISCUSSION

### A.    Legal Standard

Removal jurisdiction is based entirely on federal statutory authority. See 28 U.S.C. §§ 1441–55. A defendant may remove "any civil action brought in a State court of which the district courts . . . have original jurisdiction." 28 U.S.C. § 1441(a). Under 28 U.S.C. § 1332(a)(1), federal courts have original jurisdiction over civil actions "where the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of different States."

"Diversity removal requires complete diversity, meaning that each plaintiff must be of a different citizenship from each defendant." Grancare, LLC v. Thrower by & through Mills, 889 F.3d 543, 548 (9th Cir. 2018) (citing Caterpillar Inc. v. Lewis, 519 U.S. 61, 68 (1996)). In the Ninth Circuit, complete diversity "is determined (and must exist) as of the time the complaint is filed and removal is effected." Strotek Corp. v. Air Transp. Ass'n. of

---

[1] Because the parties agree on the material facts sufficient to determine this court's subject-matter jurisdiction, plaintiffs' request for judicial notice is DENIED as moot.

2

Am., 300 F.3d 1129, 1131–32 (9th Cir. 2002) (emphasis added) (citing Morongo Band of Mission Indians v. California State Bd. of Equalization, 858 F.2d 1376, 1380 (9th Cir. 1988) (diversity is determined by citizenship of parties as of filing of the original complaint); Newcombe v. Adolf Coors Co., 157 F.3d 686, 690 (9th Cir. 1998) (diversity must exist when action is removed)); accord Grupo Dataflux v. Atlas Glob. Grp., L.P., 541 U.S. 567, 573 (2004) ("[T]he jurisdiction of the court depends upon the state of things at the time of the action brought."); see also Gallo v. Unknown No. of Identity Thieves, 254 F. Supp. 3d 1096, 1100 (N.D. Cal. 2017) (diversity must be assessed at the time of filing and time of removal); Hall v. GranCare, LLC, Case No. 15-cv-02201-MMC, 2015 WL 5882001, at *2 (N.D. Cal. Oct. 8, 2015); Parker v. Moore, Case No. 08-cv-1896-PJH, 2008 WL 2220613, at *1 (N.D. Cal. May 27, 2008).

If a defendant has improperly removed a case over which the federal court lacks diversity jurisdiction, the federal court must remand the case to state court. See 28 U.S.C. § 1447(c).

**B.  Analysis**

Defendants argue that this court has diversity jurisdiction over this action notwithstanding the fact that the parties were not completely diverse at the time the complaint was filed for three reasons: (1) the plain language of 28 U.S.C. § 1446 only requires complete diversity at the time of removal; (2) complete diversity is not required at the time of filing when there is no evidence that defendants forum-shopped; and (3) complete diversity is not required at the time of filing when a defendant's post-filing investigation reveals facts showing that the parties have become completely diverse since the time of filing.

First, as explained above, a defendant may remove a civil action brought in state court when the district court has original jurisdiction over the action. 28 U.S.C. § 1441(a). GEHC removed this action pursuant to 28 U.S.C. § 1441 based on complete diversity under 28 U.S.C. § 1332. Dkt. 1 ¶ 28. Because complete diversity did not exist at the time of filing, the court lacks diversity jurisdiction. See, e.g., Strotek Corp., 300 F.3d at

1131–32 (complete diversity is required at the time of filing); Grupo Dataflux, 541 U.S. at 570–71 (same). As such, GEHC's removal under § 1441 based on complete diversity was improper.

GEHC argues that 28 U.S.C. § 1446 independently establishes this court's jurisdiction over the action and only requires complete diversity at the time of removal. But § 1446 concerns the procedure for removal of civil actions—it does not expand the scope of this court's jurisdiction. See generally Grupo Dataflux, 541 U.S. at 574 ("jurisdictional" defects based on time of filing are assessed independently from "statutory" defects based on failure to comply with requirements of removal statutes). Defendants are correct that removal requires complete diversity at the time of removal. See Newcombe, 157 F.3d at 690. However, that is independent of the jurisdictional requirement that complete diversity exist at the time of filing.

Second, GEHC argues that complete diversity is not required at the time of filing when there is no evidence that defendants forum-shopped. Their argument primarily relies on out-of-circuit cases predating Grupo Dataflux that concern plaintiffs changing their states of citizenship. The cases are inapposite, and they do not justify departure from this circuit's clear requirement that diversity exist at the time of filing.[2]

Third, GEHC argues that removal is allowed because their post-filing investigation revealed that the parties have become completely diverse since the time of filing. That argument is equally unavailing. Although defendants are correct that "a notice of removal may be filed within thirty days after receipt by the defendant . . . of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable," that provision speaks to when a notice of removal may be filed—not the boundaries of this court's jurisdiction. 28 U.S.C. § 1446(b)(3). Nor have defendants sufficiently identified the "paper" they received, as

---

[2] A different issue would have been presented had complete diversity changed during the course of litigation because a party had been added or removed from the action. This case does not present that issue.

4

required by that statute, "from which it may first be ascertained that the case is one which is or has become removable." Id.

**CONCLUSION**

For the foregoing reasons, the court finds that removal was improper because complete diversity did not exist at the time the complaint was filed. Accordingly, the court GRANTS plaintiffs' motion and REMANDS the action to the San Francisco County Superior Court. As this court lacks subject-matter jurisdiction, defendants' pending motion to dismiss or transfer venue is DENIED as moot and the scheduled hearing on June 12, 2019 is VACATED. Plaintiffs' request for fees is DENIED.

**IT IS SO ORDERED.**

Dated: June 10, 2019

_____
PHYLLIS J. HAMILTON
United States District Judge